JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

Raymond W. Bisher
4 Barberry Laned, Levittown, PA 19054

**(b)** County of Residence of First Listed Plaintiff: Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

William J. Fox, Esq., Law Offices of William J. Fox, P.C.
1626 Pine Street, Philadelphia, PA 19103

**DEFENDANTS**

National Railroad Passenger Corp. a/k/a Amtrak
2955 Market Steet, Philadelphia, PA 19104

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [x] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [x] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADAAA, FMLA & ADEA

Brief description of cause:
Discriminatory and retaliatory discharge from employment

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE
May 27, 2020

SIGNATURE OF ATTORNEY OF RECORD
[signature]

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 4 Barberry Lane, Levittown, PA 19054

Address of Defendant: 2955 Market Street, Philadelphia, PA 19104

Place of Accident, Incident or Transaction: Philadelphia, PA

***RELATED CASE, IF ANY:***

Case Number: ______ Judge: ______ Date Terminated: ______

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☑
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☑
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes ☐ No ☑
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes ☐ No ☑

I certify that, to my knowledge, the within case ☐ **is** / ☒ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 05/27/2022 [signature] Must sign here 69898

*Attorney-at-Law / Pro Se Plaintiff* *Attorney I.D. # (if applicable)*

**CIVIL: (Place a √ in one category only)**

***A. Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☑ 11. All other Federal Question Cases *(Please specify):* ADAAA, ADEA, FMLA

***B. Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* ______
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases *(Please specify):* ______

**ARBITRATION CERTIFICATION**

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, William J. Fox, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 05/27/2022 [signature] Sign here if applicable 69898

*Attorney-at-Law / Pro Se Plaintiff* *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Raymond W. Bisher | : | CIVIL ACTION |
| v. | : | |
| National Railroad Passenger Corp. a/k/a Amtrak | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| 5-27-22 | [signature] | [signature] |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| (215)546-2477 | (215) 546-4698 | wjf@billfoxlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

American LegalNet, Inc.
www.FormsWorkFlow.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **RAYMOND W. BISHER** | : |
| **4 Barberry Lane** | |
| **Levittown, PA 19054** | : |
| **Plaintiff** | : |
| **v.** | : |
| **NATIONAL RAILROAD PASSENGER CORP.** | : |
| **A/K/A AMTRAK** | |
| **2955 Market Street** | : |
| **Philadelphia, PA 19104** | |
| | : |
| **Defendant** | |
| | : |

**FIRST AMENDED COMPLAINT**

1. This action seeks declaratory, injunctive and equitable relief; compensatory, liquidated and punitive damages; and costs and attorney's fees for violations of the Americans with Disabilities Act (ADA), Age Discrimination In Employment Act, Family Medical Leave Act, Pennsylvania Human Relations Act, Pennsylvania common law, disability discrimination, and retaliation for engaging in protected activity.

2. Jurisdiction over the federal claims is invoked pursuant to 28 USC § 1343, 1331 and 29 USC §§ 216(b), 626(c)(1), 1140, and over the state law claims pursuant to the doctrine of supplemental jurisdiction.

3. Charges against Defendant alleging age discrimination, disability discrimination and retaliation were timely filed with the Equal Employment Opportunity Commission. A right to sue letter has been issued. Plaintiff has exhausted his administrative remedies.

## VENUE

4. This action properly lies in the Eastern District of Pennsylvania, Civil Division, pursuant to 28 USC §§ 1391(c), 29 USC 1132(e), because the Plaintiff and Defendant reside in Eastern Pennsylvania and Defendant Employer conducts business, has significant contacts in Pennsylvania and is subject to personal jurisdiction in Pennsylvania.

## PARTIES

5. Plaintiff, Raymond W. Bisher, is 57 years of age and a citizen and resident of the United States and Pennsylvania.

6. Defendant, National Railroad Passenger Corp. a/k/a Amtrak (hereinafter referred to as "Amtrak"), is a Pennsylvania business that engages in an industry affecting commerce, and employs more than twenty-five (25) regular employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding year. Additionally, said Defendant, at all times pertinent hereto, was the employer of Plaintiff.

## FACTS

7. In May of 1990, Plaintiff was hired by Defendant. Plaintiff's last position before being discharged was Foreman Station Cleaner.

8. Plaintiff suffers from disabilities of anxiety. Plaintiff's disability substantially limits his major life activities such as thinking, sleeping, and working.

9. In 2019, due to is disability, Plaintiff applied for intermittent FMLA. Defendant approved Plaintiff's application for intermittent leave and Plaintiff was permitted to leave work when his disability flared up.

10. At no time did Plaintiff exhaust the amount of annual leave (12 weeks) afforded by

FMLA.

11. At all times relevant, Plaintiff's supervisor, Richard Funk, was aware that he suffered from a disability and that Plaintiff was on intermittent FMLA.

12. In September of 2020, Plaintiff took time off from work due to his disability.

13. In October of 2020, Plaintiff again applied for intermittent FMLA and sought to include the days that he took off from work in September of 2020.

14. After taking the aforesaid leave, Mr. Funk disciplined Plaintiff alleging that he had violated time and attendance policies.

15. Mr. Funk made a recommendation of termination and, on November 19, 2020, Plaintiff was discharged from his employment.

16. At all times relevant, Plaintiff engaged in protected conduct when he applied for FMLA and took sick leave due to his disability.

17. The real reason Defendant discharged Plaintiff from his long time employment with Amtrak is because of his disability and age. Defendant's discharge was also retaliatory because Plaintiff had previously engaged in protected conduct.

18. Other employees took sick leave and/or violated Amtrak's time and attendance policies during this time period but did not receive progressive discipline or discharge.

19. Defendant retaliated against Plaintiff by not deeming the sick leave he took in September 2020 as FMLA and/or as an accommodation for Plaintiff's disability.

20. Defendant enforced its policies against long time older workers, like Plaintiff, more harshly than younger workers and workers who do not have disabilities.

21. At all times relevant, Plaintiff performed his job duties at or above expectations.

22. Plaintiff engaged in multiple protected activities when he requested sick leave due to his disability.

23. Defendant's reason for terminating Plaintiff are false and constitute a pretext.

24. The real reason Defendant discharged Plaintiff was because of his disability and age.

25. Defendant's aforesaid actions constitute retaliation and retaliatory discharge.

26. Shortly after Plaintiff was terminated, he was replaced by an employee substantially younger than he and who was not disabled.

27. Defendant's termination of Plaintiff's employment was based on his disability and age in violation of the ADEA, ADA and PHRA.

28. Defendant has a history and practice of terminating employees who are older and/or disabled.

29. Defendant's action in terminating Plaintiff constitutes retaliation in violation of the ADEA, ADA, FMLA and PHRA.

## COUNT I - AMERICANS WITH DISABILITIES ACT

30. Plaintiff, Raymond W. Bisher, incorporates by reference paragraphs 1 through 29 of this Complaint as though same were fully set forth at length herein.

31. At all times relevant hereto, Plaintiff suffered from a disability that substantially limits one or more of his major life activities.

32. At all times relevant hereto, Plaintiff had a record of suffering from a disability that substantially limits one or more of his major life activities.

33. At all times relevant hereto, Defendant regarded Plaintiff as suffering from a

disability that substantially limits one or more of his major life activities.

34. At all times relevant hereto, Defendant perceived Plaintiff as suffering from a disability that substantially limits one or more of his major life activities.

35. At all times relevant, Plaintiff was provided the accommodation by Defendant of leaving and/or missing work from time to time if his symptoms flared up.

36. Defendant's conduct in terminating Plaintiff constitutes a violation of the Americans with Disabilities Act of 1990, as amended.

37. Defendant's conduct has caused Plaintiff to suffer severe economic hardship.

38. As a result of Defendant's conduct, Plaintiff has suffered emotional distress, embarrassment, humiliation, anxiety and pain and suffering.

**COUNT II - AGE DISCRIMINATION**

39. Plaintiff hereby incorporates by reference paragraphs 1 through 38 of this Complaint as though same were fully set forth at length herein.

40. During the time that Plaintiff was employed by Defendant Amtrak, he was well qualified for his position and always met or exceeded his Employer's expectations.

41. On November 19, 2020, Plaintiff was terminated from his employment as a Foreman Station Cleaner. At the time of his termination, he was 55 years of age.

42. After Plaintiff's termination, he was replaced by a substantially younger employee.

43. Defendant has a history of discharging older employees like Plaintiff and/or administering the discipline policies more harshly against older workers as justification for discharging older workers.

44. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs

alleged and is now suffering and will continue to suffer irreparable injury from his treatment by Defendant unless Defendant is enjoined by this Court.

45. The termination of Plaintiff by Defendant Amtrak was because of Plaintiff's age, in violation of 29 U.S.C. § 623(a) (1) *et. seq.* and, therefore, entitles Plaintiff to relief.

46. Defendant's conduct has caused Plaintiff to suffer severe economic hardship and lose substantial employee benefits.

47. The termination of Plaintiff's employment by the Defendant Amtrak constitutes a willful violation of 29 U.S.C. § 623 and, as such, entitles the Plaintiff to recover liquidated damages.

**COUNT III - FAMILY MEDICAL LEAVE ACT**

48. Plaintiff hereby incorporates by reference paragraphs 1 through 47 of this Complaint as though same were fully set forth at length herein.

49. At all times relevant, Defendant employed 50 or more employees who worked 20 or more calendar weeks in the previous year.

50. Since 1990, Plaintiff had been a full time employee of Defendant.

51. In 2019, Plaintiff applied for medical leave due to his disability.

52. Defendant approved Plaintiff's request for intermittent FMLA.

53. At all times relevant, Defendant was subject to the statutory requirements imposed by Family Medical Leave Act and Plaintiff was an eligible employee entitled to FMLA protection.

54. At all times relevant, Defendant was aware that Plaintiff suffered from a disability and had been granted FMLA leave.

55. Defendant's aforesaid actions and termination of Plaintiff is a violation of the

FMLA and constitutes interference and/or retaliation against Plaintiff for engaging in the protected activity.

56. Defendant's termination of Plaintiff's employment constitutes retaliatory discharge in violation of the FMLA.

57. Plaintiff seeks damages for back pay, front pay, loss of value of benefits, liquidated damages, attorney's fees and other incidental damages suffered as a result of Defendant's violation of the FMLA.

**COUNT IV - STATE LAW CLAIMS**

58. Plaintiff incorporates by reference paragraphs 1 through 57 of this Complaint as though same were fully set forth at length herein.

59. Defendant has at all times material to the foregoing claims acted wilfully and with malice toward Plaintiff. The Defendant knew, or reasonably should have known, that the aforementioned conduct was in violation of Defendant Employer's handbook and the laws of Pennsylvania and the United States. The Defendant knew, or reasonably should have known, that Plaintiff was subject to discrimination; yet, Defendant took no action to cease their wrongful conduct and, in fact, committed further acts designed to cover up the patent discrimination against Plaintiff because of his age. Accordingly, Plaintiff is entitled to compensatory damages.

60. Defendant's aforementioned actions are in violation of the Pennsylvania Human Relations Act.

**JURY TRAIL**

Plaintiff demands a jury trial of twelve jurors.

**WHEREFORE**, Plaintiff, Raymond W. Bisher, respectfully requests that this honorable Court enter an order providing the following:

a. That Plaintiff recover from Defendant back pay with interest, front pay, compensatory damages, punitive damages, liquidated damages and such other monetary relief the Court deems just;

b. That Plaintiff recover from Defendant his costs, including expert witness fees and reasonable attorneys' fees, together with such other remedies as may be provided by law; and

c. That the Court grant such other relief, including equitable and injunctive relief, as it deems just and proper.

W J Fox

WILLIAM J. FOX, ESQUIRE
Law Offices Of William J. Fox, P.C.
Attorney for Plaintiff, Raymond W. Bisher
1626 Pine Street
Philadelphia, PA 19103
(215) 546-2477

Dated: May 27, 2022